We'll call the next case Kevin C. Rutkiske v. Paul Klemm et al. Mr. Weisberg. May it please the court, counsel, my name is Matthew Weisberg, I represent the appellant plaintiff in this Fair Debt Collection Practices Act matter. Judging from the argument I just heard, I believe this is a much more simpler argument, which is does the discovery rule apply to the FDCPA? Simple to understand, but maybe hard to decide. Well, that is, I would respectfully suggest maybe it might be simple to decide, which is that consistent with our brief, the statute that the appellee points to and the district court pointed to, is headed jurisdiction. That's 1692KD. An action to enforce any liability created by the subchapter may be brought in any appropriate United States district court without regard to the amount in controversy or in any other court of competent jurisdiction within one year from the date on which the violation occurs. So how do you get by that last word, occurs? How do I get by the occurrence? How do you get by that last word, occurs? Very simply. I mean, isn't, didn't Congress speak explicitly and clearly when they used that word? No, Your Honor. Respectfully. Okay. Well, why don't you tell us how you get around that? Well, I will get around it by citing the Irwin case, which is cited in ... Excuse me, Mr. Weisberg, did you want to reserve some time for your ... Oh, I had three minutes, Your Honor. I had requested three minutes. Thank you. In the first instance, the occurrence or accrual date has been discussed in our cases that we cited, and we're not saying that the violation, that while that sets forth a statute of limitations, it doesn't set forth a statute of repose. And the heading jurisdiction is a place. It doesn't mean jurisdictional. For example, the appellee cites the TRW, United States Supreme Court case. In that case, the Fair Credit Reporting Act, the FCRA statute, discusses its own discovery rule mechanism. And the United States Supreme Court, which it says it's two years from the date of the, when the violation occurs, or three years if there's one ... I thought the argument that you'd make about TRW was going to be slightly different. I thought the argument that you would make is the, Justice Ginsburg was talking about a general rule of discovery versus a limited rule, and that the language was a limited rule, but they weren't going to, they, the Supreme Court, wasn't going to extend it to a general. And I thought that you would take that and say, well look, if we look at Stevens and Graham, and then look at the language of the statute, what is the proscribed activity, right, of 692E, we would say what's at hand here is fraud. And when it's fraud and deceit, it, by its very nature, can't be known. So it doesn't, the last two words of the jurisdictional section don't matter, because sure, it accrues at that time, but the discovery rule has to apply, because if the prescribed activity is fraud by its very nature, you wouldn't know that it happened. There are some things within the statute that you would, you would know about a harassing phone call, et cetera, but that there are actions that are prescribed that you wouldn't know, and that because of that, if you look at the text, you would say the discovery rule has to apply. Yeah, correct, Your Honor, that was the theme throughout the district court and in the briefing of this court, which is that my client could not have known, and in fact, I think the TRW opinion says, a case that cries out, I think was the quote, for the discovery rule, and I think this is one of them, where there's a violation that could not have been known. So, okay, well, first of all, are you saying it was fraud here? Do you allege fraud? Well, fraud can be a violation of the FDCPA. Okay, so you're... Yeah, serving the wrong person and entering a judgment against them is not good. That's pretty clear. Right. I mean, some six years later after this judgment was entered, your client finds out about it in a credit report. Now, I understand a lot. Right. Now, did, not that it's particularly relevant, but it's a factor, did they go in to move to open up the default judgment? I don't believe they have. They didn't? Right. Okay. They could have. They could have. And that would have removed, removed that question, it could have removed that judgment from their credit report. Not necessarily, because a judgment entered may still trickle on in credit reports. Okay, it could have been there. Yeah. It could have still been there. It could have been there. Just like a late mortgage payment, you cure it. It could still trickle. It could have been a debt. The debt would have been on the credit report. Right. There's not any question there was a debt. Right. Right. The record shows there was a debt. Well, what's interesting is that the record was supplemented on a motion to dismiss. And so, under the 1286 standard, it should have been converted to a motion for summary judgment for him to dispute the debt.  There is a debt. But that's not... Okay. My client, by the way, says that there should not have been a debt. All right. But your client did have a state court remedy. He had a state court remedy. All right. To the judgment, not to the defective service. Right. To the judgment. Right. Okay. All right. And so, my argument, going back to Judge Greenaway's question was, of course, our overarching argument is that he could not have discovered that which was undiscoverable. But the more specific argument is the TRW case says that in the FCRA context, we're limiting the discovery rule when the statute itself prescribes against the discovery rule. For example, in the FCRA context, there's a two-year and then a three-year statute of limitations. That doesn't occur within the FDCPA statute of limitations. And I didn't brief this, but borrowing from my knowledge of discrimination statutes, the federal statutes as corollaries to each other, even if they sound consumer or discriminatory in that matter. It says you can't do that? It says that, well, I'm not saying you can't. It all depends, doesn't it? It depends. It all depends on the similarity or differences of the statute. It depends on the factual posture of the cases, right? Yes, Your Honor. But this statute, the FCRA statute, is totally differently worded. It prescribes itself a fraud or a willfulness, men's right, in the statute itself for the statute of limitations. But here we've got the word occurs, though, too. But I don't see how that would vitiate the discovery rule. Because the other statutes that have been examined talk about accrual. And we're not saying the accrual period is the date when it starts. Right. Not the date. And the discovery rule holds start dates. Okay, but not if it starts when it occurred. Respectfully, I disagree, Your Honor. For example, in the appellee's brief, they cite a number of professional liability statutes that deal with the accrual in Pennsylvania. What's the evil that the FDCPA, in your view, is intended to protect against? Abuse of decollection practices. People calling. Dunning letters. Annoying phone calls. All that. It also specifically prescribes against sewer service, which is a mechanism of a process server throwing you in the sewer. I mean, that's a metaphor. Serving someone who was not the person and having a default judgment answered against them. There isn't a... And I might add, the FDCPA is directly liberal. But the point that I think Brother Hardiman is aimed at is there are a panoply of ills, right, that the statute is focused on. Yes. Many of them are obvious to the consumer at the time they occur. Yes. And the question is, why should we inject the discovery rule when the, whatever, the majority of those prescribed actions are ones that consumers would know ab initio? And so, I think in order to respond to this question, you've got to let him know, are there prescribed actions that aren't obvious to the consumer at the time they occur? Because if the answer to that is no, then there's no reason to apply the discovery rule. That's why I thought you were going to jump on 692E, which talks about actions that aren't easily discernible. Well, this is a specific case where it could not have been known. Right. But I guess the thing I'm still sort of scratching my head on is that someone enters a default judgment against my client without notice. Right. The next day I'm in court with a very bare bones petition to open or strike the judgment, actually to strike the judgment. If you know about it. You walk, well, as soon as you find out about it. Obviously, if your client hadn't found out about this judgment, we don't have this case, right? You're still blissfully ignorant, right? Correct. Correct. But my point is that there's a decision I guess we have to wrestle with, which is what's the right mechanism here? If somebody gets a default judgment on my client without notice, I run into court, I get the thing stricken, game over, right? Then maybe I could bring a case for malicious prosecution or other things against. But here you want to invoke the FDCPA to deal with it and not, that judgment's still on the books, right? Which sort of presupposes that your client owes the money or, I don't know, maybe you advise the client not to strike the judgment. Who knows? Didn't so advise them. Because one of the things that you have to allege, you may have to allege, is that you have a defense, a meritorious defense. If you owe the money- Respectfully, Your Honor, I disagree and I believe in the- I said may. Fair enough. Fair enough. I would have to prove in this case that there was this sewer service that he was served by. Right. He wasn't served. I'd also allege that he owed or didn't owe the money at all because it's the act of the sewer service which is the violation. It's a statutory violation. It's a jurisdiction. Right. Otherwise- Okay, let me ask you another question here, which you don't, I'm not quite sure why you don't raise this on appeal. Why did you not bring the equitable tolling question before us? I thought that the district court's opinion as to kind of an ongoing act of fraud and so forth, I thought this was the argument. Thank you. I do. All right. I understand Your Honor's wrestling with that the act of serving someone who wasn't the person is an act of fraud, for example, and thus would invoke the equitable tolling, which is why we did it below. But it would seem that the discovery rule, it would be, the equitable tolling argument is more limitingly used than the discovery rule, at least in the United States Supreme Court, there's a presumption in favor of the discovery rule. Now, that presumption may have been limited by the TRW case where the statute says it's essentially a statute of repose, but that's not the statute before us. What is the statute that actually uses the words violation occurs? What's the violation? The violation is the service upon someone who was not the defendant. Getting a judgment without notice, without service. It's actually, as the Ninth Circuit said below, which avoided the Rooker-Feldman issue, it's the act of the service that is the violation, not the judgment. That's why we don't need to prove that he didn't owe the money, even though he says he doesn't. One thing that's confusing in your brief is that you cite to Cerna, Benzeman, and Johnson. And I was confused because in none of those cases did they apply the discovery rule. So what is the purpose or usefulness of them as you want us to consider them here? With the Court's indulgence? I can tell you the page in your brief if that's helpful. I believe in Cerna. Thank you, Your Honor. I believe in Cerna, the Fifth Circuit held, as we stated, that the violation arose only after a plaintiff received notice. I'm not perfect. I may have misread that case. I was trying to give you a little bit of an opening here. If you look at the word violation in the Webster's Dictionary, it's called an infringement or transgression. Right. I wouldn't disagree with that. You wouldn't disagree with that. I wouldn't disagree with Webster's. So your best argument is that that occurred when the service was made upon the wrong person. Correct. If the Court finds, and I will concede, if the Court finds that this is an occurrence rule statute, which I don't know if there are any other federal statutes like this which apply an occurrence rule when the statute itself does not itself prescribe the statute of repose, then it's the occurrence and my client is out of luck. Notwithstanding, he didn't know that the occurrence occurred. But you cite in your complaint E2B and E5, right? Yes, Your Honor. So both of them fall within the ambit of false or misleading representations. Yes. It would be difficult for us to make that finding given what you've alleged, right? That it would be, I'm sorry. Well, it would be difficult for us not to give you some leeway on the discovery rule if we found that those were the two statutes you alluded to since by definition false or misleading representations would be invoked. Right. Right. I would agree, Your Honor. Okay. All right, Mr. Weissberg. We'll have you back on your claim. Thank you so much. Mr. Zaff? Zaffi. I'm so sorry. Please say it again. Sure. Carl Zaffi, representing defendants. Zaffi. Yes. Seems like it got stuck on an F. Stuck an extra F in there. I've heard many different mispronunciations over the years. Believe me, I'm not the least bit offended. You were at the bottom of the alphabet. I always had to go last in gym class. Okay. Called on last. From defendant's position, this is not particularly a difficult decision for the court to make, although I'm not in your shoes. I'm not the one who has to make the decision. We got two lawyers now that come up here and tell us it's not a hard case and we have a circuit split. That's bold. I'm just saying, you know. Why head your bets? I'm not the one. Of course, it's always easy when you're not the one who has to make the decision. Yeah. Why head your bets when you can go big? Okay. Well, why don't you start with a discussion of what Mr. Weisberg was discussing with us, and that is if the text and statutory language alludes to prescribed actions that invoke fraud, deceit, and misrepresentations, why shouldn't, given our own jurisprudence in Stevens and Graham, why shouldn't the discovery rule be applied to the FDCPA? And, of course, you're also implicitly referring to the TRW exception that mentions fraud. I figured that's where you're going. Your Honor, with all due respect to Plaintiff Appellant, I think it would be a rather strained reading of the complaint to denote any allegation of fraud contained in the complaint. He's basically saying that service was not properly effectuated, therefore, this is a violation. I think that's a very far cry from a willful misrepresentation, which you would need for a fraud claim. Well, isn't he saying that the second time, the first time, you know, shame on me, but the second time, excuse me, where you served the same address to the same person who apparently looks nothing like Mr. Rutkiski, that that, and then represent that you've done it, that that is the fraud? Right. Again, I think that would be a strained reading of fraud given our certification in support of our initial moving papers, which clearly delineated the pattern in the file as to specifically what happened, and to refresh the Court's recollection... It says moving papers really are not properly in front of us, and we're considering a motion to dismiss. Understandable. But just by way of explanation, there was... But if we can't take it into account, why should we hear it? Well, again, the lower court would have been allowed to take it into account, and as Mr. Weisberg said, convert it into a summary judgment motion. But they didn't. She chose not to. Correct. But just to answer the question, basically what happened was when the file was transferred as a result of a merger, the first result of the non-service wasn't in the file and still to this day never is in the file, so they had no indication as to what happened, so when they served the defendant again, all they got was an affidavit from the process server saying service is good. Now, of course, even though he didn't match the description of Mr. Rakitsky, of course, we not knowing Mr. Rakitsky would have no way of knowing that, so we filed the default judgment and then served it on him. That mail was not returned, and five years later he files the instant action. And as Your Honors pointed out, there's been no attempt to my knowledge to date to try to vacate the state court judgment. As Judge Hardiman alluded to, that would have been my first move as counsel for defendant, but it's still active. I would never disagree with Brother Hardiman as to how to proceed, but that's not where we are at the moment, right? Fair enough. Everything that you've just said in the last two minutes is really informative and interesting, but, right, I mean, that's not what we look at. If we just looked at what was alleged, right, and the fact that from that perspective they've represented that they've served my client once, then they've represented that they've served my client twice, right, and then they get a default judgment, right? So let's just, for the moment, disregard what you've said. If that's the allegation, why doesn't that fit within 692 E, and he cited two subsections of E, and if so, then why given what's outlined in 692 should there not be an application of the discovery rule, particularly given what we've said in Stevens and Graham? Well, as to your first question, the violation in and of itself may very well fit within those two violations of the FDCPA. What we're alleging is that it was so far out of time that the act is simply time-barred. Now, stated another way, TRW does clearly delineate the fraud exception, but TRW also says that the court has historically only applied the discovery rule to federal statutes in cases that quote-unquote cry out for the discovery rule, and TRW concludes by saying that the case clearly does not cry out for the application of the discovery rule. Tell me why a statute that is subtitled false or misleading representations wouldn't cry out for the application of the discovery rule? Because Congress would have added it, quite frankly. As TRW notes, the FDCPA has been around for over 40 years now, and Congress has had many opportunities to change the language. In fact, post-TRW, they did change the language of the FCRA statute limitations, but they've left the FDCPA statute intact, which, as just plain and simple, no discovery exception like in the FCRA specifically says one year from the date the violation occurred. Lovely, but take the scenario that's presented both in Stevens and in Graham, where you have federal statutes which don't delineate a well. There's no explicit command against the application of the discovery rule, so we've got to look at the text and see what's involved in this statute. So, please go through that exercise and tell me how we can come to a different conclusion, but that if 692E is implicated, the discovery rule should apply. I would rely basically on the bulk of our brief, which just to simply discuss is that the wording of the statute itself, how it's clear and basically argued that. No, the statute limitations, I agree with you. Maybe I'm not understanding your question. I'm sorry. Well, I think and tell me if you disagree with me. I think what Stevens and Graham are saying is when you look at the language and purpose of a statute, if it implicates, if it could implicate the discovery rule, then the discovery rule should be applied, right? So, the language that you're focusing on, if I'm apprehending you'll tell me is, well, there's no ambiguity about the statute limitations. It's whenever the violation occurred, right? But you have to look at the text of the statute. What's the underlying prescribed conduct, right? So, the underlying part of the underlying prescribed conduct is what I alluded to before, and that is the false or misleading misrepresentations, right? And if that is the crux of the statute, well, then by its definition, right, it is crying out, as you alluded to earlier, for the application of the discovery rule because it could be implicating, right, conduct that would not be apparent to the consumer at the time that it occurred. Now, it's one thing if you were saying that he could have known about the second service at some point earlier, you know, and if that's your point, well, then I misunderstood your point, but if your point is that this just doesn't fall within the statute, then I really need a response to what I've said before. Well, if Your Honor recall the Madsen case, I believe, which was cited, or I think discussed rather extensively in our brief, it was a similar type situation, and to your point about how part of the purpose of the FDCPA was to regulate debt collection, which, by the way, is actually stated in the statute, I believe, under 1692E, the E without the parentheses, the first section of the statute, it specifically says that its purpose is to regulate debt collectors. Well, it says a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. I'm sorry, that's the other E. 1692E without parentheses, I was quoting 1692 with the E in parentheses, it's the first statute itself. It discusses the purpose behind the FDCPA, and I think that was discussed with Mr. Weisberg. So is the essence of your argument that the FDCPA needs to be read in pari materia with the intent to get at the same evil and... To a certain extent, yes. We should just follow TRW in that regard? I think TRW can clearly apply to an FDCPA case, and we even cited one case from the Northern District of Illinois that said as much. And the reason we don't need a discovery rule is because if a debt collector is bothering us, we should act on it, seasonably, and not wait five years. Of course, their response is, well, we didn't know about this judgment until much later, which brings me back to, well, okay, but someone filing a judgment upon you in an irregular, inappropriate way, as awful as that is, the remedy for that is to go get the judgment wiped out, not to bring an FDCPA claim. Perhaps. Correct. And that, and also just the fact that Congress has clearly stated that it should be one year from the date on which the violation occurs. All right, but they could have added an exception like they did with the FCRA for different circumstances, such as, you know, an unauthorized judgment or bad sewer service. All right, but then let's play that out then. If that is the case, that the remedy is to go into court and get the judgment wiped out, you know, that I've just expended time, I've had to hire a lawyer, do I have a remedy for that? Shouldn't I be able to sue the socks off the person that got that invalid judgment against me? You could certainly have a remedy in the state court. And what would that remedy look like? And what confidence can we have that it would be a full and ample remedy such that we don't need to put the federal statutory scheme on top of it? Potentially a motion for sanctions, potentially a malicious prosecution action. Obviously, when you move to vacated default judgment, there's some sort of hearing, and if the facts show that the service was maliciously abhorrent, then I would imagine most state court judges would certainly be willing to compensate any party who suffered in terms of these laws. And for reasons, I guess, that we won't understand or perhaps aren't even germane to us deciding the case, your client has not continued to try to collect this $1,500 debt, nor has Rotkiski attempted to get the judgment wiped out. Correct. The judgment stands, but there's not really been any collection efforts in about four years. Is there some kind of, you know, federal litigation detente here on the state? I don't think it had anything to do with the lawsuit. I mean, sometimes when judgments are entered in collection cases, sometimes there's some initial collection efforts, and then if nothing happens, the judgment is just cast aside, and for whatever reason, they don't come back later when they want to get a mortgage or something. Exactly. Okay. Exactly. But if I could just finish the thought with regards to the purpose of the FDCPA, it was stated in the statute is to regulate debt collectors, and that was a lot of the reasoning behind the Mattson decision. It was basically that if the purpose is to regulate debt collectors, then the statute should run from the last opportunity that the collector had to act. Are there instances that debt collectors engage in fraudulent activity that a consumer would not be aware of at the time it occurred? I can't speak for any of the collectors I represent, but I would imagine that with so many debt collectors out there, that would be a definite possibility. And would you say that given that definite possibility, that that is one of the objectives of the statute? It's not stated in the section labeled purposes. But it is a remedial statute. It is a remedial statute. But again, I would categorize that as what I was saying earlier, and I hate to repeat myself, but that is one of the perils, I guess, of any statute, or drawback, if you want to call it that, that has been around since the FDCPA's inception in 1977. And if Congress thought that was a legitimate concern, they could have changed the wording of the statute by now. They could have created exceptions like they did with the FCRA, which as Your Honor noted, covers very similar ground to the FDCPA. And that's why I think the TRW case is so applicable, because the two overlap quite frequently in terms of the activities they regulate. From our perspective, the bottom line is that the wording of the statute is very clear and ambiguous. We gave examples of other federal statutes where the statute runs not from the date on which the violation occurs, but from some other point in time. And I think that that's what really makes the FDCPA distinguishable in that regard. We went into all the cases about how it was in a current statute, and I personally could not find a single case of a discovery rule being applied to any of the statutes I mentioned that were worded similarly to the FDCPA. And on top of that, the current landscape now among the circuits, so far as I can see, is that there's been some abstentions, but the only circuit that's really sticking on to the discovery rules, I believe the Ninth Circuit, even post-TRW. And how about the fourth? The fourth, I believe Correct me if I'm wrong. I believe that was the one that abstained post-TRW. That might have been the tenth. Lumbach v. Bierman, 2013. It was a not a published opinion. Yes, Lumbach That was discussed in the Northern District of Illinois case I cited Butler, and as far as I remember, I haven't read it within the last couple of weeks, but as far as I remember, it was unpublished and basically contained no analysis or reasoning. So basically the Ninth is the only besides us. Pardon? That has the discovery rule? Well, the Peterson case, Third Circuit case, it is unpublished, but it did cite Mattson and Malloy with approval. And that was set forth in our moving papers. Oh, right. You're just talking about the FDCPA. Oh, correct. I apologize. Not discovery rule. Not discovery rule in general. Just the FDCPA cases. All right. What I ask Mr. Weisberg about the word violation, why could the infringement, which Webster says the violation is, why could the infringement be when he was denied, when Ratisky was denied credit? Why couldn't that be the infringement? Until there was some impact of the judgment, there was no harm to it. Well, because quite simply, I would argue that the date of the judgment was the date on which the violation occurred or the date of the service. There's a judgment out there nobody denied. He didn't ask for credit for whatever reason. No one denied him credit until he shows up six years later and the credit report says he can't get the mortgage. There's no harm at all. Maybe that was the effect of the alleged violation, but I think that the violation itself would have either been the date of service or non-service or the date the default judgment was entered. All right. Mr. Zappi, thank you. Thank you very much. Your Honors, if I may, I'd like to go to Judge Hardiman's point about petitioning to let's assume that, well, in the first instance, there is no federal remedy other than the FDCPA for this violation. Okay. Second of all, there is no state remedy for this violation. The remedy is that Mr. Ratisky would essentially have to pay a lawyer more than what he is alleged to have owed to open up the underlying judgment. I don't know. The judges, maybe it's different where you practice, but where I practice, the judges would be pretty rough on a lawyer walking in trying to defend a judgment that was entered without proper service, etc. If there was a meritorious defense. See, I suggested that before. You said I wasn't correct. Well, I don't think I said you weren't correct. I think I said you weren't correct as to the FDCPA. I was talking about state practice. Oh, okay. We missed... Okay. Even if there was no merit, even if the client owes the money, the judge is going to strike that judgment and say, do it right. Serve the paper. Because the timing of when these judgments are filed can be very important in terms of creditor's rights, bankruptcy rights, other rights. To what end? So even if the client owes the money, the judge is going to strike the judgment if it wasn't properly entered. Let's assume the judge does strike the judgment. That's not a remedy. We're talking about... Well, I assume they're going to give council fees. Why would... And I'm saying this rhetorically. Why would they do that? It's not a fee-shifting... Oh, because I think judges, hopefully, are still in the habit of sanctioning lawyers that just go ahead and enter judgments against people without following the rules. That's what the sanctions are there for. Your Honor, I respectfully disagree. Sanctions has a much higher standard than the FDCPA. FDCPA... It's a frivolous filing. You can't file a judgment against someone against whom you haven't obtained proper service. What if they say our process was sent today? We came back, our process server thought it was... Well, then the judge has to find facts and figure out who's telling the truth and who isn't. That may be true. My hypothetical presupposes that this is some lawyer who didn't do his or her job and just filed a judgment without proper service. I would agree with that hypothetical. For this case, I would just respectfully suggest that the strict liability, fee-shifting, statutory penalty, consumer remedying, liberally construed FDCPA statute is a federal cause of action which is much more powerful than any prospective state court... Because of the fee-shifting, sure. And because of the statutory penalty. Yeah. I agree. Thank you, Your Honor. Thank you, Mr. Weisberg. Thank you. Do we thank both counsels for their argument in this case? And we'll take the matter under advisement.